UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMID MIRKOOSHESH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MEHRDAD ELIE, et al.,<br><br>    Defendants. | Case No. 22-cv-07615-AMO<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Re: ECF Nos. 46, 47 |

This case is about the title transfer of two properties. Defendants Mehrdad Elie, Eliecorp, and Merhdad Elie as Trustee of the Mehrdad Elie 2006 Revocable Trust (collectively, "Defendants") bring a motion to dismiss the First Amended Complaint ("FAC") in its entirety and a motion to strike portions of the FAC and for an award of attorney's fees. The matter is fully briefed and suitable for decision without oral argument. *See* Civ. L-R 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court **GRANTS** Defendants' motion to dismiss and **DENIES** Defendants' anti-SLAPP motion to strike.

I.  **BACKGROUND**

    A.  **Factual Background**[1]

Plaintiffs Hamid and Jackeline Mirkooshesh assert claims arising from a loan agreement between the parties concerning two properties: a residential property located at 271 Spinnaker Street in Foster City, California, and a business property located at 25125 Mission Boulevard in Hayward, California. ECF 41 ("FAC") ¶ 4. The Court assumes familiarity with the fuller factual

---

[1] The Court accepts Plaintiffs' allegations in the complaint as true and construes the pleadings in the light most favorable to the Plaintiffs. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

summary included in the Court's order regarding the first motion to dismiss.  *See* ECF 39.

### 1. Spinnaker Property

On July 15, 2016, Plaintiffs executed a promissory note with Defendants for a $1,000,000 loan for an unspecified term with an interest rate of 8%.  FAC ¶ 12.  As security for the promissory note, Defendants put a lien on the Spinnaker property and the Mission Boulevard property.  FAC ¶ 13.  Plaintiffs made 36 payments of approximately $15,000 to $20,000 per month over a 5-year period toward the loan.  FAC ¶ 14.  Elie's assistants would call Hamid Mirkooshesh and tell him over the phone "how much he needed to pay that week or month."  FAC ¶ 14.

In February of 2019, Elie convinced Hamid Mirkooshesh to put title to Plaintiffs' home in Elie's name.  FAC ¶ 16.  Elie promised Mirkooshesh that he would "merely hold title and whenever Plaintiff wanted title back to refinance the property, [he] would deed it back to Plaintiff."  FAC ¶ 16.  Mirkooshesh signed the deed over to Elie, but "did not understand the legal implications other than the fact that Defendant was holding title to protect Plaintiffs' property rights."  FAC ¶ 17.  Mirkooshesh executed a deed as partial security for the 2016 promissory note.  FAC ¶ 17.

On August 24, 2021, Hamid Mirkooshesh emailed Defendants' assistant and requested the entire loan agreement and payment history.  FAC ¶ 15.  Plaintiffs discovered that Defendants had been charging the promissory note at a 15% interest rate.  *Id.* Plaintiffs continued to pay the mortgage and live at the residential property until Spring 2022.  FAC ¶ 20.  In November of that year, Elie "evicted plaintiffs and their children from the home."  FAC ¶ 21.

### 2. Mission Boulevard Property

In September 2019, Elie also convinced Mirkooshesh to put the title to Plaintiffs' Mission Boulevard property in Elie's name, with the same assurance that when Mirkooshesh "wanted title back to refinance the property, Defendant would deed it back to Plaintiff."  FAC ¶ 22.  In June 2020, Plaintiffs worked with a bank to refinance the underlying mortgage and told Elie that they needed the title back to complete the process.  FAC ¶ 23.  Elie "refused and instead convinced Plaintiff that [he] could give Plaintiff a better deal."  FAC ¶ 23.  ElieCorp then offered Plaintiffs a

"mortgage loan commitment" labeled as a fixed refinance of "$550,00 [sic] over 60 months at 4% interest rate." FAC ¶ 23.[2] Plaintiffs accepted the terms in late August 2020, and Eliecorp paid off the underlying mortgage. FAC ¶ 23.

Plaintiffs paid ElieCorp $9,000 two days after the execution of the new agreement. FAC ¶ 24. Plaintiffs made regular payments through December 2020. *Id*. On February 17, 2021, Defendants sold the business property for $2,200,000. FAC ¶ 25; *see also* FAC ¶ 25, Ex. F (confirming that the business property was sold). ElieCorp "carried approximately $700,000 of financing" for the buyers, and "added it against Plaintiffs [sic] indebtedness." FAC ¶¶ 25-26.

**B.     Procedural Background**

Plaintiffs sued Defendants on December 2, 2022, alleging ten causes of action. ECF 1. On March 26, 2023, the Court granted Defendants' motion to dismiss with leave to amend. ECF 39. Plaintiffs filed the FAC on April 20, 2021, alleging seven causes of action, including violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, fraud, breach of contract, unjust enrichment, conversion, violation of Business and Professions Code § 17200, *et seq.*, and quiet title. ECF 41. Defendants move to dismiss Plaintiffs' FAC for failure to state a claim. ECF 46. Defendants also move to strike portions of Plaintiffs' second cause of action for fraud, fourth cause of action for unjust enrichment, and sixth cause of action for violation of § 17200 under California's anti-SLAPP statute. ECF 47. The Court first assesses the sufficiency of Plaintiffs' FAC before addressing Defendant's motion to strike.

**I.     DISCUSSION**

**A. Motion to Dismiss**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires dismissal when a complaint lacks either a "cognizable legal theory" or "sufficient facts alleged" under such a theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201,

---

[2] A typographical error that was present in the original complaint, ECF 1 ¶ 22, remains in the FAC, but it appears that the loan amount was $550,000. *See* FAC ¶ 23; Ex. E.

3

1208 (9th Cir. 2019) (citation omitted).  Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When evaluating a motion to dismiss, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031.  However, "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citations omitted).  The Court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)).  To determine whether amendment would be futile, courts examine whether the complaint can be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990).

### 1. Fair Debt Collection Practices Act

To state a claim under the Fair Debt Collection Practices Act (FDCPA), a plaintiff must show: "(1) that [they are] a consumer; (2) that the debt arises out of a transaction entered into for

4

personal purposes; (3) that the defendant is a debt collector; and (4) that the defendant violated one of the provisions of the FDCPA." *Datta v. Asset Recovery Sols.*, LLC, 191 F. Supp. 3d 1022, 1028 (N.D. Cal. 2016) (citation omitted). Defendants challenge the last two elements, arguing that Plaintiffs have not sufficiently alleged that Defendants are "debt collectors" under the FDCPA, or that they violated any of its provisions. ECF 46 ("Motion") at 12-13. The Court addresses each argument in turn.

The FDCPA defines a "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

Plaintiffs have not sufficiently pleaded that any of the Defendants are debt collectors within the meaning of the FDCPA. The amended complaint does not allege that Defendant Elie in his personal capacity or in his capacity as trustee of the Elie Trust collects debts owed or due to another. Thus, the FDCPA claim cannot stand as to Elie, in either capacity. Plaintiffs also allege that Defendant ElieCorp "is a real estate lending company that regularly lends and collects consumer debts in their ordinary course of business on either their own behalf or that of others . . . [.]" FAC ¶ 5. However, this conclusory statement cannot save the claim because, as in the original complaint, the supporting factual allegations focus on ElieCorp's collection of a debt owed to itself, not "another." *See* FAC ¶¶ 12-30, 42, Ex. A (promissory note attached to the complaint lists ElieCorp as the lender).

Additionally, Plaintiffs have failed to plead that Defendants engaged in activities prohibited by the FDCPA. Though Plaintiffs allege that Defendants violated three provisions of the FDCPA by refusing to transfer title back to Plaintiffs' name and obstructed Plaintiffs from seeking other refinancing options, FAC ¶¶ 41-42, Plaintiffs do not link Defendants' allegedly wrongful conduct to the collection of the debt, as required by statute. *See* 15 U.S.C. §§ 1692d, 1692e, 1692f. This provides an additional reason Plaintiffs claim under the FDCPA cannot survive.

Accordingly, the Court **DISMISSES** Plaintiffs' first cause of action. As Plaintiffs failed to address the very deficiencies the Court highlighted in its order dismissing the first complaint, the Court dismisses the claim with prejudice. *See Leadsinger*, 512 F.3d at 532 (a court may dismiss without leave to amend where the plaintiff has repeatedly failed to cure deficiencies by previous amendments).

### 2. State Law Claims

Plaintiffs allege additional state law claims: fraud, breach of contract, unjust enrichment, conversion, violation of Cal. Bus. and Prof. Code § 17200, and quiet title. Because the federal claim is dismissed, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over the remaining state law claims. *See Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice."); *see, e.g.*, *Sikhs for Just. "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1096-97 (N.D. Cal. 2015), *aff'd sub nom. Sikhs for Just., Inc. v. Facebook, Inc.*, 697 F. App'x 526 (9th Cir. 2017) ("*Sikhs for Just.*") (declining to exercise supplemental jurisdiction over state law claims where the case had not proceeded beyond the pleadings and dismissal "promote[d] comity by allowing the California courts to interpret state law in the first instance").

### B. Motion to Strike

Defendants also bring a motion to strike portions of the FAC under California's anti-SLAPP law. ECF 47. Because the Court has declined supplemental jurisdiction over the state law claims, the Court **DENIES** the anti-SLAPP motion **WITHOUT PREJUDICE** toward defendants raising it in any future state-court proceeding. *See, e.g.*, *Kime v. Adventist Health Clearlake Hosp., Inc.*, 254 F. Supp. 3d 1071, 1079 (N.D. Cal. 2017) ("Because no remaining federal questions will remain as a result of this order, the Court declines to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), over the remaining state law claims and the related anti-SLAPP motion. . . . Therefore, the Court denies the anti-SLAPP motion without prejudice towards defendants raising it in any future state-court proceeding."); *see also Sikhs for Just.*, 144 F. Supp. 3d at 1097 (dismissing the only claim over which the court exercised original

6

jurisdiction and declining to exercise supplemental jurisdiction over state law claims and therefore not reaching the merits of, and denying as moot, the anti-SLAPP motion); *Choyce v. SF Bay Area Indep. Media Ctr.*, No. 13-CV-01842-JST, 2014 WL 2451122, at *6 (N.D. Cal. June 2, 2014) (finding that defendants had no presumptive right to have anti-SLAPP motion heard by the federal court where the court declined to exercise jurisdiction over the state law claims).

## II. CONCLUSION

For the reasons given, the Court hereby **GRANTS** Defendants' motion to dismiss the FDCPA claim with prejudice. The Court **DISMISSES** the remaining state law claims and the anti-SLAPP motion without prejudice.

**IT IS SO ORDERED.**

Dated: March 11, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**